IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-312-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID BLAND,

Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 60 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

Mr. David Bland, by and through his counsel Mary V. Butterton, hereby moves this Court for an Order to exclude 60 days from the Speedy Trial Act computations and set the motions filing and trial dates accordingly. In support thereof, he states as follows:

**PROCEDURAL HISTORY**

1. On December 16, 2022, Mr. Bland was indicted on a single count of Possession of a Firearm by a Prohibited Person, a violation of 18 U.S.C. § 922(g)(1). Doc. 1. On January 11, 2023, Mr. Bland was arrested pursuant to a Writ of Habeas Corpus Ad Prosequendum and brought into federal court. Docs. 9-11. That same day, Mr. Bland entered a plea of not guilty and was ordered detained pending these proceedings. Docs. 11, 15.

2. On January 13, 2023, this Court set a motions deadline of January 30, 2023, and a jury trial for March 13, 2023. Doc. 18.

3. On January 12, 2023 undersigned counsel received an initial discovery disclosure. So far, the discovery tendered includes approximately 241 pages of documents and 13 electronic

files. However, discovery is not yet complete. Mr. Bland has requested additional discovery in this matter related to cell phone records, jail calls, and DNA testing. Further, undersigned counsel is in the process of ordering relevant records that could impact Mr. Bland's potential sentencing exposure, should he be convicted in this case. Receipt of those records typically takes a number of weeks.

**LAW REGARDING REQUESTS FOR CONTINUANCES**

4. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

5. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

**ARGUMENT**

6. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

7. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. Proceeding within the current time requirements would deny counsel for Mr. Bland the reasonable time necessary for effective preparation. Counsel only recently received initial discovery, and discovery is not yet complete. Only after full discovery review can counsel fully analyze the case, advise Mr. Bland as to his options, and prepare motions and for trial.

8. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

9. First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has reviewed discovery within her possession. Further, defense counsel has shown diligence in this request by making it well before the expiration of the speedy trial clock and prior to the motions filing deadline of January 30, 2023.

10. Second, it is very likely that this continuance would accomplish the underlying

purpose of this request. Excluding 60 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, and also evaluate that discovery for potential pre-trial motion issues and the need for further investigation. This type of thorough evaluation is necessary to advise the defendant as to his options and potential strategies for defense. This 60-day continuance would allow defense counsel time to review the discovery, including discovery not yet received, evaluate the need for experts, and complete investigation, all of which are necessary to providing the defendant with full and effective assistance of counsel.

11. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Al Buchman has indicated that he does not oppose this motion, and has no known issues with witness availability or scheduling.

12. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

/ / /

**CONCLUSION**

Wherefore, Mr. David Bland, through his counsel, respectfully requests this Court for an Order excluding 60 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Mary V. Butterton

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Al Buchman, Assistant United States Attorney
Email: Al.Buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

David Bland (via U.S. Mail)

s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Al Buchman, Assistant United States Attorney
Email: Al.Buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

David Bland (via U.S. Mail)

s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant